IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| GEORGIE ANUFRIEV, | Case No. 6:25-cv-02441-AP |
| Plaintiff, | **FINDINGS & RECOMMENDATION** |
| v. | |
| SILVERTON POLICE DEPARTMENT, MARION COUNTY SHERIFF'S DEPARTMENT, HALEY HIBBS, JONATHAN LAMOREAUX, ELENA POSIADLO, AND DAVID POSIADLO | |
| Defendants. | |

POTTER, United States Magistrate Judge:

Plaintiff Georgie Anufriev alleges that Defendants Haley Hibbs, Jonathan Lamoreaux, Silverton Police Department (SPD), David Posiadlo, Elena Posiadlo, and Marion County Sheriff's Department (Marion County) all unlawfully deprived him of his property when he was not given the opportunity to take custody of his daughter when the custodial parent was arrested. Compl. ¶ 1. ECF. No. 1. Plaintiff brings claims under 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act (RICO). Compl. ¶¶ 28–30.

Before the Court is (1) Defendant Marion County's Motion to Dismiss for failure to state a claim, (2) Defendants SPD, Officer Hibbs, and Sergeant Lamoreaux's Motion to Dismiss for failure to state a claim, and (3) Defendant Elena Posiadlo's Motion to Dismiss for failure to state

PAGE 1 – FINDINGS & RECOMMENDATION

a claim.[1] Def. Marion County's Mot. 2, ECF No. 4; Silverton Defs.' Mot. 1, ECF No. 12; Def. Posiadlo's Mot. 1, ECF No. 15.[2] Because Plaintiff cannot plead sufficient facts to state a claim for relief that is plausible on its face for his § 1983 claim or his RICO claim, Defendants' Motions to Dismiss for failure to state a claim should be granted. Plaintiff should not be permitted to amend because he has plead enough facts to make clear that the events at issue categorically cannot support a § 1983 or RICO claim.

## BACKGROUND[3]

Plaintiff has a minor daughter with Vivea Reutow. Plaintiff and Reutow were in a domestic partnership until Reutow filed for Dissolution in 2024. McConnell Decl. Ex. 1 at 1, ECF No. 13. The General Judgment of Dissolution [4] granted Reutow sole legal custody of their child. McConnell Decl. Ex. 1 at 2. The Dissolution Judgment included a Parenting Plan[5] which gave Plaintiff designated parenting time and the right of first refusal when Reutow is not providing primary care. McConnell Decl. Ex. 1 at 12. The pertinent section of the Parenting Plan reads, "[i]f either parent will be away from the child for 8 hours or more, or overnight, during

---

[1] While the Complaint names Elena Posiadlo, the motion to dismiss was filed by Helena Posiadlo.

[2] Defendant David Posiadlo could not be served as he has since permanently moved to London, England. Field Aff. ECF No. 11; Pl.'s Mot. Ex. 1, ECF No. 20.

[3] The Court accepts as true all facts alleged in the complaint. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1240 (9th Cir. 2023).

[4] For context and clarity, the Court takes judicial notice of the Marion County General Judgment of Dissolution of Anufriev and Reutow as permitted by Rule 201 of the Federal Rules of Evidence. Fed. R. Evid. 201(b); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("[The Court] may take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts.") (internal citation omitted).

[5] In Oregon, the parenting plan is determinative of parenting time rights once incorporated into a final order. O.R.S. § 107.105(b); O.R.S. § 107.102.

PAGE 2 – FINDINGS & RECOMMENDATION

their parenting time, that parent shall offer the other parent the first option to care for the child before leaving her with someone else." McConnell Decl. Ex. 1 at 12.

On November 18, 2025, Officer Hibbs—a Silverton police officer—arrested Reutow. Compl. ¶ 5. Plaintiff's child was with Reutow at the time of the arrest, and Officer Hibbs allowed Reutow to call Mr. Posiadlo to retrieve the child before Reutow was taken into custody. Compl. ¶ 5. Mr. Posiadlo took Plaintiff's child to Ms. Posiadlo's residence. Compl. ¶¶ 14–15. The following day, Plaintiff called SPD to locate his daughter and spoke to Officer Hibbs, who told him that Mr. Posiadlo had retrieved the child. Compl. at ¶¶ 6–11. Plaintiff then called Mr. Posiadlo to ask about the location of his daughter, and Mr. Posiadlo said he could not help Plaintiff. Compl. at ¶¶ 12–13. That same day, Plaintiff went to Ms. Posiadlo's residence to retrieve his daughter, but Ms. Posiadlo denied him access. Compl. at ¶¶ 14–16. Plaintiff then called Marion County to secure their assistance in retrieving his daughter, but they informed him that they could not help with the civil issue. Compl. at ¶¶ 17–18. Then, Plaintiff went to SPD in person to ask Officer Hibbs and Sergeant Lamoreaux whether they had any legal justification for the "unlawful deprivation of Plaintiff's daughter." Compl. at ¶¶ 19–21. They were unable to produce any such documentation. Compl. at ¶¶ 22–23.

### **STANDARDS**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim that is plausible on its face does not need detailed factual allegations, but it presents sufficient facts of alleged conduct that allows the Court to reasonably infer the defendant's liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded, material factual allegations and construe them in the

PAGE 3 – FINDINGS & RECOMMENDATION

light most favorable to the non-moving party. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1240 (9th Cir. 2023). However, the Court need not accept as true legal conclusions couched as factual allegations. *See Bell Atlantic Corp.*, 550 U.S. at 555.

Plaintiff is self-represented. In addition to the liberal pleading standards of Fed. R. Civ. P. 8(a)(2), pro se complaints "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). The Court "recognizes that it has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984)). If the pro se complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Plaintiff's complaint contains two claims—a claim that he was deprived of his property without due process and a RICO violation—but it provides no citations to any federal statute. The first claim is presumably an action under 42 U.S.C. § 1983, which allows an individual to sue a defendant who, while acting under color of state law, deprived the individual of their federal rights. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). The second claim appears to allege that Defendants engaged in a pattern of racketeering activity and a RICO conspiracy in violation of 18 U.S.C. §§ 1962(c) and (d). All Defendants have moved to dismiss the claims against them. The Court will address each claim in turn.

### I.    Plaintiff's § 1983 Claims

For a § 1983 cause of action, a plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson*, 781 F.2d at 1338. The defendant must also be a "person" recognized under § 1983. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "[M]unicipalities and other local government units [are] included among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

Section 1983 generally only applies to individuals who are state actors. However, an "[a]ction taken by private individuals may be 'under color of state law' where there is 'significant' state involvement in the action." *Howerton v. Gabica*, 708 F.2d 380, 382 (9th Cir. 1983). State involvement in the action is only significant if "a 'sufficiently close nexus' makes private action 'treat[able] as that of the [government entity] itself.'" *Ballinger v. City of Oakland*, 24 F.4th 1287, 1300 (9th Cir. 2022) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

At the outset, it is not clear who Plaintiff is actually bringing his § 1983 action against. His complaint generally alleges that all the Defendants deprived him of his property without due process. Compl. ¶ 1. But in "count one" of his complaint, he alleges only that Officer Hibbs and Sergeant Lamoreaux "violated their oath of office to deprive Plaintiff of his property without due process." Compl. ¶ 28. Despite this, in his prayer for relief, he requests that the Court "enter an order against all Defendants." *Id.* The Court need not resolve this inconsistency, though, because regardless of whether Plaintiff is attempting to bring his § 1983 action against only Officer Hibbs and Sergeant Lamoreaux or against all the Defendants, his claim must be dismissed.

The first step in analyzing Plaintiff's claim is to identify the constitutional violation that occurred. He alleges that he was deprived of his property without due process. Compl. ¶¶ 26–28.

PAGE 5 – FINDINGS & RECOMMENDATION

The property he was deprived of, according to the Complaint, was access to his daughter. Compl. ¶¶ 1–25.

Plaintiff's reference to his daughter's placement with the Posiadlos as a "deprivation of his property" misstates the constitutional right at issue here. His daughter is not his property. *See State ex rel. Juv. Dep't of Lane Cnty., Children's Servs. Div. v. Lauffenberger*, 777 P.2d 954, 958 (Or. 1989) (*"*[H]istorically 'the custodial right of a father was nothing so crass as a property right.'") (citing *Matter of Marriage of Hruby*, 748 P.2d 57, 60 (Or. 1987)(en banc); *Matter of H. K. D. S.*, 469 P.3d 770, 776 (Or. Ct. App. 2020) (en banc) ("A child is not the property of her or his parents (or anyone else), and we are aware of no cases holding that a parent has a *property* interest in a child.") (emphasis in original). Rather, it is "long-settled that custodial parents have a liberty interest in the 'companionship, care, custody, and management' of their children." *Brittain v. Hansen*, 451 F.3d 982, 992 (9th Cir. 2006) (quoting *Stanley v. Illinois,* 405 U.S. 645, 651 (1972)). Non-custodial parents with visitation rights have a similar liberty interest, though it "is unambiguously lesser in magnitude than that of a parent with full legal custody." *Id.* Construing Plaintiff's claim liberally, the Court reads his complaint to allege a violation of his liberty interest regarding his access to his child. *Hardwick v. Cnty. of Orange*, 980 F.3d 733, 740–41 (9th Cir. 2020) (holding that the right of parents and children to live together free of governmental interference is an essential liberty interest protected by the Fourteenth Amendment).

Recognizing that Plaintiff had a liberty interest at stake with respect to the care of his daughter, the next question is whether he was deprived of that interest in violation of the due process clause. Allegations of due process violations take two forms: substantive due process and procedural due process. "Substantive due process protects individuals from arbitrary deprivation

PAGE 6 – FINDINGS & RECOMMENDATION

of their liberty by government," while procedural due process provides safeguards before the government can deprive a person of their liberty interests. *Brittain,* 451 F.3d at 991, 999. To allege either requires a deprivation of a protected liberty interest by the government. *Id.* Here, Plaintiff has simply has not shown a deprivation by a state actor much less one that rises to the level of a constitutional violation.

The only two state actors are Officer Hibbs and Sergeant Lamoreaux. Neither officer took custody of Plaintiff's daughter or even affirmatively transferred the child. They simply allowed the child's custodial parent to arrange for her care. That distinction is key because "[t]he standard for analyzing a § 1983 claim for interference with the right to familial association depends on the context in which the case arises." *Murguia v. Langdon*, 61 F.4th 1096, 1118 (9th Cir. 2023). Here, the case arises in the context of the arrest of Ms. Reutow. Plaintiff's contention is essentially that Officer Hibbs should not have allowed Ms. Reutow to arrange care for her child because the custody agreement gave him the right to have custody of his daughter if Ms. Reutow was not available. But Plaintiff, who was not present at the time of the arrest, provides no evidence that Officer Hibbs was aware of the custody agreement. Nor does Plaintiff cite any authority that would have required Officer Hibbs to investigate the custody arrangement during the arrest. It is unclear how, in this scenario, Officer Hibbs or Sergeant Lamoreaux (who was not even present during the arrest) deprived Plaintiff of his liberty interest in his child.

Even if the acts Plaintiff alleges could be construed as a deprivation of his liberty interest, they do not amount to a violation of his substantive due process rights. Because Plaintiff's claims revolve around a custody dispute, he would need to show a deprivation of his liberty "in a way that shocked the conscience" to state a due process violation. *Id.*

Construing Plaintiff's complaint liberally, at most Officer Hibbs allowed Ms. Reutow—who had custody of the child at that time—to arrange for the care of her daughter and the result was that Plaintiff did not obtain additional time with his child. This deprivation of time with the child simply does not shock the conscience. Officer Hibbs reasonably concluded that the custodial parent could arrange for her child's care. Police officers are not required "to act as legal experts to avoid violating the Constitution; substantive due process secures individuals from 'arbitrary' government action that rises to the level of 'egregious conduct,' not from reasonable, though possibly erroneous, legal interpretation." *Brittain,* 451 F.3d at 996.

If Plaintiff is attempting to argue that the Posiadlos violated his due process rights, that claim also fails. Neither are state actors, and their actions did not have a close nexus to the state actors' conduct. They did not act "under the color of state law" when they, in their individual capacity as private citizens, took custody of Plaintiff's child per Reutow's wishes as she was arrested.

Plaintiff's complaint is really with Ms. Reutow who chose not to call Plaintiff in violation of the custody agreement. She was the person responsible for any deprivation and the remedy for that violation is in state court through a contempt of court proceeding. O.R.S. § 33.015(2); *Matter of Marriage of Cowles & Flormeoe-Cowles*, 522 P.3d 557, 558 (Or. Ct. App. 2022).

A procedural due process claim fares no better. To proceed with such a claim, Plaintiff must allege "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process." *Dudley v. Boise State Univ.*, 152 F.4th 981, 990 (9th Cir. 2025) (quoting *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008)) (cleaned up). Again, this requires a deprivation of an interest by the government which Plaintiff has failed to show. That alone is sufficient to dismiss the claim.

PAGE 8 – FINDINGS & RECOMMENDATION

But the claim fails for another reason. A procedural due process violation also requires a lack of or denial of procedural protections. Specifically, Plaintiff would have to show that the procedures available to him to resolve the error in custody—a state contempt proceeding and potential additional parenting time—would not be sufficient and that the Defendants were required to engage in some other procedure at the time of the arrest. Plaintiff has not and cannot make that showing. *Cf. Brittain*, 451 F.3d at 1002 (holding that a pre-deprivation hearing was not required before depriving a parent of visitation because the state court post-deprivation procedures were sufficient).

Finally, to the extent Plaintiff is attempting to bring a § 1983 due process claim against either Marion County or SPD (or more appropriately the City of Silverton) that too fails. A municipality may be held liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell,* 436 U.S. at 694. To state a *Monell* claim, Plaintiff must allege facts giving rise to a reasonable inference that (1) the defendant had a policy, custom, or widespread practice that caused the violation of his constitutional rights; (2) the defendant failed to properly train its employees and the failure to train amounts to deliberate indifference to Plaintiff's rights; or (3) the individual who violated Plaintiff's constitutional rights had final policy-making authority or ratified a subordinate's unconstitutional decision or action and the basis for it. *Rodriguez v. Cnty. of Los Angeles,* 891 F.3d 776, 802–03 (9th Cir. 2018). "The custom or policy must be a 'deliberate choice to follow a course of action'" that an official or officials makes based on various alternatives. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021).

Here, Plaintiff points to no policy by either entity that resulted in a violation of his due process rights because he has failed to show his rights were violated in the first instance. Regardless, even if he could, the only possible violation relates to the decision to allow Ms. Reutow to arrange care for her child and to decline to assist Plaintiff when he complained about it. This single incident cannot be used to state a claim for municipal liability under § 1983. *Id.* at 1154. A single incident may only trigger liability when "fault and causation" are clearly traced to an authorized decisionmaker. *Id.* (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 405 (1997)). Plaintiff makes no such showing.

Because there are no facts that would transform Plaintiff's allegations into a viable § 1983 claim, his claim should be dismissed with prejudice and without leave to amend.

## II.    Racketeer Influenced and Corrupt Organizations Act (RICO)

Plaintiff alleges that "[a]ll defendants acted together to deprive Plaintiff of his property unlawfully under the color of law" in violation of RICO. Compl. ¶¶ 30–31. Defendants argue that Plaintiff fails to state a claim on which relief can be granted because he merely states legal conclusions, and he fails to plead facts sufficient for any element required to plead a RICO claim. Def. Marion County's Mot. 5.; Silverton Defs.' Mot. 7–9. Defendants are correct.

Plaintiff appears to allege that Defendants engaged in a pattern of racketeering activity and a RICO conspiracy in violation of 18 U.S.C. § 1962(c) and (d). "To prevail on a civil RICO claim, a plaintiff must prove that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th Cir. 2002). Plaintiff has failed to allege anything that could amount to a RICO violation.

PAGE 10 – FINDINGS & RECOMMENDATION

As an initial matter, a racketeering activity is any criminal act that is listed in 18 U.S.C. § 1961(1). To establish a pattern of racketeering, a plaintiff must allege at least two separate acts that occurred. 18 U.S.C. § 1961(5); *Sun Sav. & Loan Ass'n v. Dierdorff,* 825 F.2d 187, 191 (9th Cir. 1987). Plaintiff's allegations involve a single incident where his daughter was placed in the care of others at her mother's request when her mother was arrested. This does not amount to racketeering act much less a pattern of racketeering activity. Plaintiff's failure to allege a pattern of racketeering activity requires dismissal of his RICO claim. This also dooms a conspiracy claim because "a failure to allege either a pattern of racketeering or an act otherwise unlawful under the statute is fatal to a claim of conspiracy brought under § 1962(d)." *Samuelson v. Jewell Sch. Dist*. 8, 725 F. Supp. 3d 1195, 1221 (D. Or. 2024).

But even if he could show a racketeering activity, Plaintiff's claim would still fail. With respect to the injury, a plaintiff must show that the injury to his property was proximately caused by the conduct, and he suffered "a concrete financial loss." *Id.* (citation omitted). Here, Plaintiff cannot show an injury to his property because, as discussed above, his child is not his property under Federal or Oregon law. Even if Plaintiff could show a property interest, he has failed to demonstrate a concrete loss.

There are no facts that would transform Plaintiff's allegations into a viable RICO claim. The claims should be dismissed with prejudice and without leave to amend.

## **<u>RECOMMENDATION</u>**

For the above reasons, Defendants' Motions to Dismiss (ECF No. 4, 12, & 15) should be GRANTED. All of Plaintiff's claims should be dismissed with prejudice, and the Court should not grant leave to amend the complaint.

PAGE 11 – FINDINGS & RECOMMENDATION

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this  13th  day of April, 2026.

 /s/Amy E. Potter
AMY E. POTTER
United States Magistrate Judge

PAGE 12 – FINDINGS & RECOMMENDATION